# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AT&T CORP., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:18-CV-00119-DGK |
| | ) |
| MISSOURI NETWORK ALLIANCE, LLC, | ) |
| | ) |
|     Defendant. | ) |

## ORDER FOR PRIMARY JURISDICTION REFERRAL AND STAY

This case involves a dispute between the parties about whether the rates Defendant Missouri Network Alliance, LLC ("MNA") charged Plaintiff AT&T Corp. ("AT&T") for MNA's telecommunications services are lawful under the rules of the Federal Communications Commission ("FCC").

Now before the Court is AT&T's motion for a stay and a primary jurisdiction referral to the FCC with regard to the issues of federal law in this case (Doc. 10). For the following reasons, the Court GRANTS AT&T's motion.

### Background

This case involves the FCC's intercarrier compensation regime, which refers to the system of fees that telecommunications carriers pay to originate, transport, and terminate traffic on another carrier's network. These fees include "access charges," which interexchange carriers—such as AT&T—often purchase from local carriers—such as MNA—to provide long-distance telephone service to business and residential customers. Access charges generally can be set forth either in express, negotiated agreements, or in local carriers' "tariffs." Carriers can file tariffs, subject to governing law, with the FCC for *inter*state access charges, *i.e.*, for calls that begin in one state and

end in another state, and with state regulators for *intra*state access charges. Here, MNA filed an interstate tariff with the FCC and an intrastate tariff with the Missouri Public Service Commission and has charged AT&T for services provided pursuant to those tariffs.

The present dispute centers on the validity of the access charges that MNA billed AT&T under its interstate and intrastate tariffs. AT&T challenges the lawfulness of these charges, alleging that MNA's interstate and intrastate tariffs fail to comply with the FCC's rules governing access charges. MNA denies it has violated the FCC's rules and asserts counterclaims against AT&T for non-payment of tariffed access charges. Because the disputed rates are subject to rules promulgated by the FCC, AT&T seeks a primary jurisdiction referral to the FCC because it believes this referral will likely resolve most of AT&T's claims and MNA's counterclaims.

## Discussion

The primary jurisdiction doctrine applies "whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." *U.S. v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956).

The doctrine of primary jurisdiction "is utilized to coordinate judicial and administrative decision making," and "allows a district court to refer a matter to the appropriate administrative agency for a ruling in the first instance, even when the matter is initially cognizable by the district court." *Access Telecomms. v. Sw. Bell Tel. Co.*, 137 F.3d 605, 608 (8th Cir. 1998); *see also Atlantis Express, Inc. v. Standard Transp. Servs., Inc.*, 955 F.2d 529, 535 (8th Cir. 1992) (finding that "complex" issues, the resolution of which requires the "interpretation of an ambiguous regulation and expert knowledge," are appropriate for primary jurisdiction referral). However, the primary

jurisdiction doctrine "is to be invoked sparingly, as it often results in added expense and delay." *Alpharma, Inc. v. Pennfield Oil Co.*, 411 F.3d 934, 938 (8th Cir. 2005).

MNA opposes a primary jurisdiction referral because the Court has referred a similar case to the FCC, *Sprint Communications Co. v. Missouri Network Alliance*, Case No. 4:17-cv-00597-DGK (W.D. Mo.), which involves identical issues as this case. MNA argues referring this case would be duplicative and unnecessarily expensive because MNA is a defendant in both cases. MNA also argues that referral is unnecessary because once the FCC decides the issues in *Sprint*, the Court will be able to apply those decisions to this case.

MNA's arguments are unpersuasive. It is mere speculation that the *Sprint* case will be resolved through the Court's FCC referral and that resolution will resolve all of the claims in this case. Additionally, to the extent MNA complains that referral will result in duplicative litigation expenses, MNA is involved in two lawsuits involving its fee structure, it should expect some about of duplicative litigation and associated cost.

Here, the Court finds referral is appropriate. Resolution of the parties' dispute will require interpreting the scope and applicability of the FCC's regulations, matters within the expertise of the FCC. Additionally, referring this case to the FCC will ensure a uniform resolution of the issues. Accordingly, it is hereby:

ORDERED that the Court refers to the FCC, pursuant to the doctrine of primary jurisdiction, all issues within the FCC's jurisdiction, including the proper application of the FCC's rules to the dispute and the proper interpretation of the tariffs at issue; and it is further

ORDERED that, pending resolution of that primary jurisdiction referral, this case is stayed; and it is further

ORDERED that, within thirty days of the date that the FCC resolves the primary jurisdiction referral, the parties are directed to inform the Court in writing as to whether they intend to proceed with the present action.

## Conclusion

AT&T's motion for primary jurisdiction referral and stay of case (Doc. 10) is GRANTED.

**IT IS SO ORDERED.**

Date: July 23, 2018              /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT